**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                          : **Chapter 13**
**Simpson, Ivan Keith**
**Simpson, Hanan Odeh**
      **Debtors/ Respondents**        : **16-10418 amc**

**Answer to Motion of
For Relief from Automatic Stay**

     Debtors, Ivan Keith and Hanan Odeh Simpson by and through their undersigned attorney, hereby provides the following answers to the Motion for Relief from Stay filed by JPMorgan Chase Bank, National Association. These responses are made without prejudice to debtors' right to present additional facts or contentions at trial based upon information hereinafter obtained or evaluated. Debtors specifically reserves the right to supplement or amend their responses or present additional facts and contentions at a later date to any of the answers given.

     1.     Denied.  The allegation contained herein are directed to a party other than the answering debtor, and they are denied as no response is required.

     2.     Admitted in Part.  It is admitted that Debtors are the owners of the premises 410 East Broad Street, Souderton, PA 18964.  The remaining averment contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and is denied as no response is required.

     3.     Denied The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

     4.     Admitted.

     5.     Denied.  A mortgage servicing company with no beneficial interest in the underlying mortgage does not have standing to file a motion for relief from the stay. See *In re* Morgan, 225 B.R. 290(Bankr.E.D.N.Y.1998), *vacated on other grounds sub nom.  In re* Nunez, 2000 WL 655983 (E.D.N.Y. Mar. 17, 2000).

     6.     Denied as stated.  The filing of a bankruptcy petition immediately puts into effect the automatic stay, which prevents creditors from taking any further actions against the debtor or the debtor's property with respect to claims arising prior to commencement of the case. See 11 U.S.C. Section 362.   By way of further answer, the allegation contained herein are directed to a party other than the answering debtors, and they are denied as no response is required.   Proof thereof is demanded at the time of trial.

     7. -8.  Denied.  Strict proof is hereby demanded.

9.    Denied.    The averments contained in this Paragraph consist of mischaracterization or summarization of documents that speak for themselves  and they are denied as no response is required.

10.    Denied.   The allegation is a legal conclusion of law to which no answer is required.

11.    Denied.   Debtor) can neither admit nor deny the allegations because Debtor has no personal knowledge of the accuracy of such statement.   Strict proof is hereby demanded.

For the reasons set forth above, among others, and based on this Court's authority under the Bankruptcy Code, the Debtors  pray that the motion be denied, and such other relief as is just and proper.   The Debtors specifically reserves the right to supplement the answer at or prior to the hearing thereon.

Dated:  October 12, 2017

<u>"/s/" Mitchell J. Prince</u>
John L. Mc Clain, Esquire
Mitchell J. Prince, Esquire
Attorneys for Debtors
P.O. Box 123
Narberth, PA 19072
(215) 893-9357